UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-598-FDW
(3:07-cr-61-FDW-18)

| | |
|---|---|
| **CLIFTON VANDIVER,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>) **ORDER**<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. )<br>) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons the follow, Petitioner's Motion will be denied and dismissed.

**I. BACKGROUND**

On April 27, 2007, Petitioner was charged along with others in an Superseding Indictment returned by the Grand Jury sitting for the Western District of North Carolina. (3:07-cr-61, Doc. No. 140). Petitioner was charged in Count One with conspiracy to possess with intent to distribute crack cocaine in an amount greater than 50 grams and cocaine in an amount greater than 500 grams, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)-(D). Count Forty-Seven charged Petitioner with knowingly possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2. Count 55 charged Petitioner with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and (2). (Doc. No. 140 at 3-4, 27, 31). The Government filed an Information pursuant to 21 U.S.C. § 851 notifying Petitioner of his previous felony drug convictions which were an August 2, 2001

1

conviction for selling cocaine, and a July 31, 2006 conviction of possession with intent to sell and deliver cocaine. (Doc. No. 24 at 4).

Petitioner was appointed counsel and entered into a Plea Agreement with the Government. Petitioner agreed to plead guilty to Count One of the Superseding Indictment in return for the Government's agreement to dismiss Counts 47 and 55. (Doc. No. 206 at 1). On October 18, 2007, Petitioner appeared with counsel for his Rule 11 hearing before the magistrate judge. Petitioner's plea of guilty to Count One was accepted after the magistrate judge concluded that his plea was given knowingly and voluntarily (Doc. No. 229: Acceptance and Entry of Guilty Plea).

On December 11, 2008, Petitioner appeared with counsel for his sentencing hearing. Prior to the hearing, the Government notified Petitioner that it was dismissing one of the Section 851 motions against him. (Doc. No. 372). The Court accepted Petitioner's plea of guilty to Count One of the Superseding Indictment and dismissed Counts 47 and 55 on the motion of the Government. Petitioner was then sentenced to 240-months imprisonment. Petitioner did not file an appeal from his conviction or sentence.

On November 11, 2011, Petitioner filed the instant Section 2255 motion to vacate his sentence based on the holding in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (3:11-cv-598, Doc. No. 1). Petitioner contends that his prior felony drug convictions were not properly considered as predicate convictions for calculating his sentence because they were not punishable by a term exceeding one year in prison. Petitioner moves the Court for an Order vacating his sentence so that he may be resentenced without consideration of the prior felony drug convictions. (Id. at 3).

2

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

Petitioner has not requested an evidentiary hearing, and after having considered the underlying record, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner's reliance on the Simmons decision is misplaced. Simmons held that in order for a prior state felony conviction to serve as a predicate offense under the Controlled Substances Act ("CSA"), the individual defendant must have been convicted of an offense that was punishable by a term exceeding one year. The Court made clear that it is the state court's determination of Petitioner's maximum sentence and the state court record that is determinative when considering whether a prior felony drug conviction qualifies under the CSA. Simmons, 649 F.3d at 243.

Petitioner was sentenced under the provisions of 21 U.S.C. § 841(b), which provides that any person who is convicted of a qualifying drug offense who has previously been convicted of a felony drug offense, shall be sentenced to a term of imprisonment of not less than 20 years and not more than life. See U.S.S.G. § 4A1.2(o) ("For the purposes of § 4A1.2(c), a "felony offense" means any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed.").

On March 29, 2007, the Government notified Petitioner by Information, pursuant to 21

U.S.C. § 851, that he had two prior felony drug offenses. (3:07-cr-61, Doc. No. 24 at 4). Prior to sentencing, the Government dismissed one of the Section 851 motions. Thus for purposes of sentencing, the Government agreed that only one of Petitioner's prior felony drug convictions would be used in calculating his sentence. (Doc. No. 372). The Government specifically noted in its notice of withdrawal that even with only one Section 851 conviction, Petitioner would still qualify for a mandatory minimum sentence of 240-months. Moreover, the Government made clear that the sentence of 240-months was the lowest sentence to which it would agree. (Id. at 2).

In Petitioner's presentence report ("PSR") the probation officer noted the two prior felony drug offenses which the Government included in its Information: the August 2, 2001 conviction for a felony cocaine offense, and the July 31, 2006, felony possession of cocaine with intent to sell and deliver offense. Petitioner noted no objections to the state convictions contained in the PSR. During the sentencing hearing, the Court adopted the PSR without change.

On the 2001 conviction, the state court sentenced Petitioner to 13-16 months imprisonment. (Doc. No. 311: PSR at 10 ¶ 36). On the 2006 conviction Petitioner was sentenced to 8-10 months imprisonment. (Id. at 12 ¶ 41). Thus, according to the CSA, and the Sentencing Guidelines, Petitioner was convicted of a felony drug offense which carried a sentence of more than one year imprisonment, 13-16 months, and his sentence of 240-months is therefore proper even in the wake of the Simmons holding.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate his Sentence, (Doc. No. 1), is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

                                       Signed: July 30, 2012

Frank D. Whitney
United States District Judge